IN THE UNITED SATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:16-CV-1-D

| | | |
|---|---|---|
| DEBORAH MORROW, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PHH MORTGAGE CORPORATION, | ) | |
| | ) | |
| Appellee. | ) | |

Deborah Morrow ("Morrow"), proceeding pro se, appeals three orders of the United States Bankruptcy Court for the Eastern District of North Carolina [D.E. 1, 1-2, 1-3]. On December 31, 2015, the bankruptcy court granted PHH Mortgage Corporation ("PHH") relief from the automatic stay [D.E. 1-1], dismissed Morrow's petition [D.E. 1-3], and denied as moot Morrow's objection to PHH's proof of claim [1-2]. As explained below, the court dismisses the appeal.

The bankruptcy court possessed the constitutional authority to enter a final judgment, and this court has jurisdiction over the appeal. See, e.g., Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2170–75 (2014); Stern v. Marshall, 564 U.S. 462, 482–501 (2011); 28 U.S.C. § 158(a). This court reviews a bankruptcy court's conclusions of law de novo and reviews its findings of fact for clear error. See, e.g., Sartin v. Macik, 535 F.3d 284, 287 (4th Cir. 2008); In re White, 487 F.3d 199, 204 (4th Cir. 2007); In re Duncan, 448 F.3d 725, 728 (4th Cir. 2006).

Morrow's opening brief identifies nine issues for review. See [D.E. 15] 7–8. The issues arise from the three orders that the bankruptcy court entered on December 31, 2015. See [D.E. 1-1, 1-2, 1-3]. Two of the orders concerns PHH's secured claim. See [D.E. 1-1, 1-2]. One of the orders granted PHH relief from the automatic stay to foreclose on Morrow's property in Shade Gap,

Pennsylvania. See [D.E. 1-1]. In that order, the bankruptcy court recognized that Pennsylvania state court was the proper venue for Morrow and PHH to resolve their differences about the promissory note and the first property deed of trust on the Shade Gap property. See id. ¶ 8. Another order denied as moot Morrow's objection to PHH's proof of claim concerning the amount Morrow owes PHH on its secured claim. See [D.E. 1-2]. The bankruptcy court denied as moot Morrow's objection to the secured claim because the bankruptcy court dismissed the underlying bankruptcy case. See id.; see also [D.E. 1-3].

Morrow's opening brief fails to cite to the record on appeal and is difficult to understand. Essentially, however, Morrow's opening brief recounts her efforts to prevent foreclosure of her property in Shade Gap, Pennsylvania and discusses her bankruptcy cases in the Eastern District of California and the Eastern District of North Carolina. Critically, Morrow's opening brief ignores the bankruptcy court's dismissal order. In that order, the bankruptcy court found that Morrow "failed to file a confirmable plan, . . . failed to make plan payments, and failed to provide information at the Section 341 meeting of Creditors," and found that Morrow "failed to prosecute her case and perform the duties and responsibilities required by the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and by the court." [D.E. 1-3] ¶¶ 3, 10. The bankruptcy court also found:

> [Morrow's] repeated lack of compliance with this court's requirements, the false and misleading schedules, and the successive filings are sufficient grounds to dismiss the case with prejudice [and] bar [Morrow] from filing any subsequent bankruptcy case in any district, for a period of 180 days.

Id. ¶ 11.

Morrow's failure to present any argument that the bankruptcy court erred in dismissing her bankruptcy case waives the issue on appeal. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999); see also Robinson v. Comm'r, Soc. Sec., 583 F. App'x 68, 69 (4th Cir. 2014)

2

(per curiam) (unpublished); United States v. Myers, 581 F. App'x 171, 173 (4th Cir. 2014) (per curiam) (unpublished); United States v. Johnson, 557 F. App'x 240, 243 (4th Cir. 2014) (per curiam) (unpublished); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009). In any event, even if Morrow preserved the issue, the bankruptcy court's finding of fact in the dismissal order are not clearly erroneous and the bankruptcy court's conclusions of law are correct.

As for the order denying as moot Morrow's objection to the amount Morrow owes PHH on its secured claim, the bankruptcy court held that dismissing Morrow's bankruptcy case mooted Morrow's objection to PHH's claim. See [D.E. 1-2] ¶ 6. When the bankruptcy court dismissed Morrow's bankruptcy case, the dismissal order effectively meant that, in this bankruptcy case, Morrow would not have to pay PHH concerning PHH's claim. See 11 U.S.C. § 1322. Thus, the bankruptcy court's order denying as moot Morrow's objection does not harm Morrow, and this court cannot grant effective relief to Morrow in resolving this appeal. As such, Morrow's appeal is moot. See, e.g., Catawba Riverkeeper Foundation v. N.C. Dep't of Transp., No. 15-2285, 2016 WL 7210097, at *4–5 (4th Cir. Dec. 13, 2016); Williams v. Ozmint, 716 F.3d 801 808–09 (4th Cir. 2013). Thus, as a matter of substance and procedure, Morrow's appeal fails.

In sum, the court GRANTS PHH's motion to dismiss [D.E. 17] and DISMISSES the appeal. The clerk shall close the case.

SO ORDERED. This 6 day of January 2017.

*/s/ James C. Dever*
JAMES C. DEVER III
Chief United States District Judge

3